JOURNAL ENTRY AND OPINION
{¶ 1} Appellant A.K. ("appellant") appeals from the order of the Cuyahoga County Juvenile Court awarding permanent custody of appellant's minor child, R.K., to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the reasons stated below, we affirm.
 I. {¶ 2} On August 18, 2000, R.K. (d.o.b. 6/28/96) was removed from appellant's home due to alleged injury, inappropriate care, and mental health issues of appellant. On August 21, 2000, CCDCFS filed a complaint alleging abuse, neglect, and dependency, and sought temporary custody of R.K.[1] On March 1, 2001, pursuant to R.C. 2151.31(A)(3)(b), R.K. was found to be abused and dependent and was placed in the temporary care of CCDCFS.
 {¶ 3} On October 25, 2001, CCDCFS filed a motion to modify temporary custody to permanent custody. A hearing was held in November 2002. Various witnesses testified and, on December 10, 2002, the trial court awarded permanent custody of R.K. to CCDCFS. Appellant timely filed her appeal and advances three assignments of error for our review.
 II. {¶ 4} In her first assignment of error, appellant argues that "the trial court committed reversible error when, upon filing of the motion for permanent custody, it failed give [sic] notice to Appellant, in accordance with Ohio Rev. Code § 2151.29, * * *." For the reasons stated below, appellant's assignment of error is overruled.
 {¶ 5} R.C. 2151.414.(A)(1) states:
"Upon the filing of a motion pursuant to section 2151.412 * * * of theRevised Code for permanent custody of a child, the court shall schedule ahearing and give notice of the filing of the motion and of the hearing,in accordance with section 2151.29 of the Revised Code, to all parties tothe action and to the child's guardian ad litem. The notice also shallcontain a full explanation that the granting of permanent custodypermanently divests the parents of their parental rights * * *."
 {¶ 6} Appellant argues that no such notice was given. Appellant concedes that she was given notice approximately 14 months prior to CCDCFS's motion for permanent custody. Despite this, appellant argues such notice was given when CCDCFS was seeking temporary custody and that such a long delay does not constitute proper notice under the statute. CCDCFS argues that, contrary to appellant's contention, she did receive notice following the filing of the motion to modify temporary custody. We agree with CCDCFS.
 {¶ 7} The motion to modify temporary custody was filed October 25, 2001. The record indicates appellant was personally served on April 26, 2002, some six months after the filing of the motion to modify custody and seven months prior to the hearing. R.C. 2151.29 states that "service of summons, notices, and subpoenas, * * * shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at the person's usual place of residence * * *." The record shows that appellant received and signed for the summons on April 26, 2002. The mandates of R.C. 2151.414 and 2151.29 were satisfied.
 {¶ 8} Appellant's first assignment of error is overruled.
 III. {¶ 9} In her second assignment of error, appellant argues that "the trial court committed reversible error by granting the motion for permanent custody when the guardian ad litem had not submitted a written report to the court prior to or at the time of the hearing, as required by Ohio Rev. Code 2151.414(C)." For the reasons stated below, appellant's assignment of error is overruled.
 {¶ 10} R.C. 2151.414(C) provides that "* * * a written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath." Appellant argues that said report was never filed with the court. This argument is without merit.
 {¶ 11} R.C. 2151.414(C) does not require that the guardian ad litem's report be filed with the court's clerk, only that the report be submitted. Our review of the record indicates that the report was made a part of the trial exhibits and, therefore, was properly included as part of the record.[2]
 {¶ 12} Appellant's second assignment of error is overruled.
 IV. {¶ 13} In her final assignment of error, appellant argues that because CCDCFS failed to show, by clear and convincing evidence, that permanent custody should be awarded to it, the trial court's judgment was against the manifest weight of the evidence. We disagree.
 {¶ 14} In order for a child to be placed in the custody of an agency, the trial court must first determine one of four conditions exist, namely:
"1) The child is not abandoned or orphaned or has not been in temporarycustody of one or more public children services agencies or private childplacing agencies for twelve or more months of a consecutive twenty-twomonth period ending on or after March 18, 1999, and the child cannot beplaced with either of the child's parents within a reasonable time orshould not be placed with the child's parents.
 "2) The child is abandoned.
 "3) The child is orphaned, and there are no relatives of the child whoare able to take permanent custody.
 "4) The child has been in the temporary custody of one or more publicchildren services or private child placing agencies for twelve or moremonths of a consecutive twenty-two month period ending on or after March18, 1999." See R.C. 2151.414(B)(1).
R.C. 2151.414(B) provides that once any of the above conditions exist, a court may award permanent custody of a child to an agency if the court determines, by clear and convincing evidence,[3] that it is in the best interests of the child. In re Joseph Holyak (July 12, 2001), Cuyahoga App. No. 78890.
 {¶ 15} In the case sub judice, appellant argues that CCDCFS failed to meet its burden by clear and convincing evidence and, therefore, the trial court's order is against the manifest weight of the evidence. Manifest weight concerns whether the jury, or in this case the trial court, lost its way creating a manifest miscarriage of justice. State v.Thompkins (1997), 78 Ohio St.3d 380. "Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Whatley v. Tokheim Corp. (Jan. 30, 1986), Cuyahoga App. No. 49407, citing C.E. Morris v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279. The credibility of witnesses and the weight given to their testimony are primarily matters for the finder of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Having reviewed the record, the trial court had competent credible evidence on which to base its decision.
 {¶ 16} In considering an award of permanent custody, a court must determine whether, by clear and convincing evidence, it is in the best interest of the child that the child can be placed with the parent within a reasonable time or should not be placed with the parent. In the matterof D.F., Cuyahoga App. No. 81613, 2003-Ohio-3221. Here, the trial court specifically found that R.K. was removed from appellant's home in August of 2000, and remained in the custody of CCDCFS for over two years. This being the case, the court was not required to consider whether R.K. could be placed with a parent within a reasonable time. In re M.H., Cuyahoga App. No. 80620, 2002-Ohio-2968.[4] Rather, the court must focus on determining whether the award of permanent custody was in the best interests of the child.
 {¶ 17} In determining the best interests of the child, the court must consider all relevant factors including, but not limited to, those contained in R.C. 2151.414(D). These factors include the reasonable probability the child will be adopted, the interaction of the child with the child's parents, siblings, and foster parents, the wishes of the child, the custodial history of the child, and the child's need for legal secure permanent placement. R.C. 2151.414(E) sets forth factors that are relevant to the determination of the child's best interests.
 {¶ 18} Appellant argues that Latanya Deane ("Deane"), the social worker, testified that appellant never missed a visit with R.K. during the entire foster care period. Deane indicated that appellant would often hug R.K. upon arriving at the center and would bring toys and other play items with her for R.K. and her to play with. Amy Hurd ("Hurd"), the social worker assigned to R.K.'s case, confirmed appellant's behavior. Additionally, Patricia Koch ("Koch"), coordinator of the parenting program at the MetroHealth Center, acknowledged that appellant had completed the parenting program.
 {¶ 19} Appellant argues the statute does not require perfection on behalf of the parent, and that she substantially complied with the mandates of R.C. 2151.414(E). Further, she argues that CCDCFS failed to make all diligent efforts to assist her in remedying the issues related to the placement of R.K. outside of the home. For instance, CCDCFS failed to permit visits in the home, although CCDCFS' guidelines permitted such visits.
 {¶ 20} Lastly, regarding her mental health, appellant argues clinical psychologist Amy Justice ("Justice") testified that although appellant suffers from an adjustment disorder with depression and anxiety, such a condition does not amount to paranoid personality disorder or other serious ailment. Justice testified that symptoms of depression and anxiety are common during custody proceedings.
 {¶ 21} CCDCFS, on the other hand, argues that although appellant completed the parenting program, Koch testified that appellant "wasn't amenable to any guidance" and that "she wasn't able to see that she might have some problems with her parenting." Further, appellant denied having a psychological condition and refused to participate in portions of her evaluation. Koch concluded that "Ms. [A.K.] has not made any significant advances in addressing her mental health issues over the past two years * * *" and that "* * * the problems that brought her to the attention of DCFS and have impeded her ability to properly parent her daughter * * * have not been substantially remedied and would therefore be expected to continue." CCDCFS argues that the trial court's findings are proper in light of appellant's refusal to cooperate.
 {¶ 22} Regarding the relevant factors for the court to consider, pursuant to R.C. 2151.414(D), the record indicates that Deane and R.K.'s guardian ad litem Christine Julian ("Julian") witnessed little affection between R.K. and appellant. R.C. 2151.414(D)(1). Also, there was no affirmative expression by R.K. that she wanted to return to appellant; instead, she indicated that her desire to return to the home was to see her cats. R.C. 2151.414(D)(2). Furthermore, Koch testified that R.K. had "absolutely completely" bonded with her foster family. R.C.2151.414(D)(3),(4). These factors having been supported by competent credible evidence, we cannot say that the trial court erred in reaching its decision.
 {¶ 23} Additionally, applying the relevant factors under R.C.2151.414(E) further supports the trial court's determination. The trial court found that appellant failed "continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home." R.C. 2151.414(E)(1). There existed competent credible evidence of appellant's uncooperative nature during the parenting program upon which the trial court reasonably could have relied.
 {¶ 24} Lastly, appellant's mental illness issues were a factor to be considered. R.C. 2151.414(E)(2). The court had discretion to consider the psychological illness and behavior of appellant when considering the best interests of the child. In re Vinci (Sept. 3, 1998), Cuyahoga App. No. 73043. Julian's recommendation noted that Justice found appellant suffered from delusional disorder and that, upon re-evaluation, appellant was uncooperative and failed to follow the psychologist's recommendations.
 {¶ 25} Overall, we are concerned with the best interests of the child, not merely the existence of a good relationship. In re Holyak
(July 12, 2001), Cuyahoga App. No. 78890. There is testimony that benefits both parties and the trial court needed to weigh that testimony and reach a determination. The trial court is in the best position to weigh the credibility of the witnesses and evidence submitted. We are not in a position to second-guess the trial court absent an abuse of discretion. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. Based on the record and transcript of proceedings, we find no such abuse of discretion. R.C. 2151.414(E)(1)-(3).
 {¶ 26} The trial court had sufficient competent credible evidence to support its decision. Appellant's third assignment of error is overruled.
Judgment affirmed.
JAMES J. SWEENEY, P.J. and COLLEEN CONWAY COONEY, J. CONCUR.
[1] CCDCFS filed a complaint alleging abuse, neglect, and dependency, stemming from a medical doctor's office visit whereby R.K. had a stomach infection and burns on her abdomen. In addition, appellant's explanation of the ailments was inconsistent with the injuries; R.K. had other burn marks about her person; R.K.'s alleged illness could not be confirmed by medical providers; appellant failed to provide R.K. adequate nutrition; appellant's mental health issues; and other concerns.
[2] The trial court's journal entry relied upon the recommendation of the GAL in reaching its decision. Exhibit B of CCDCFS' appellate brief is a copy of the GAL's recommendation sent to the trial court judge, dated November 6, 2002.
[3] "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Namestnik,
Cuyahoga App. No. 82228, 2003-Ohio-4656, citing Cross v. Ledford (1954),161 Ohio St. 469, 477.
[4] Although not obligated to do so, the trial court sub judice found that "the child cannot now or in the foreseeable future be reunited with either parent." R.C. 2151.414(B)(1)(a).