JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant father appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, to award permanent custody of his child D.R.[1] to the Cuyahoga County Department of Children and Family Services ("CCDCFS" or "Agency"). Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. In April 2004, D.R.'s mother began receiving services through the Agency's START Unit, which serves women who have tested positive for drugs during pregnancy. The mother tested positive for crack cocaine twice during her pregnancy with D.R. D.R. was born on July 29, 2004, with a third kidney.
 {¶ 3} On April 20, 2005, CCDCFS arranged for the mother to enter Miracle Village, a drug treatment facility that permits its patients to maintain custody of their children. While in treatment, the mother was found to be using crack cocaine. She was required to start over if she wanted to remain in the program. She elected to leave. On July 14, 2005, the mother left D.R. with her maternal grandmother and disappeared. Because D.R.'s maternal grandmother had an open case with the Agency, the child was removed on July 15, 2005.
 {¶ 4} The child could not be placed with Appellant because he was residing in a home where drug activity and prostitution were known to occur. Appellant acknowledged this and stipulated to an order of predispositional temporary custody. *Page 4 
D.R. was ordered into the temporary custody of CCDCFS and placed in a foster home.
 {¶ 5} Again, in January 2006, the trial court adjudged D.R. to be a dependent child and entered a disposition of temporary custody to CCDCFS. On September 21, 2006, CCDCFS filed a motion to modify temporary custody to permanent custody.
 {¶ 6} A trial was held on February 22, 2007. The child's mother stipulated to the termination of her parental rights and an award of permanent custody to CCDCFS. Appellant stipulated to a finding that D.R. had been in the Agency's custody for twelve or more months of a consecutive twenty-two month period and requested that the court proceed directly to the best interest determination. A trial the evidence revealed that Appellant tested positive for cocaine in October 2006. The case plan was amended to include substance abuse assessment and treatment. Appellant refused to enter treatment and continued to test positive for cocaine. He consistently denied his drug use, explaining that the positive test results were caused by his recent sexual contact with the mother and by taking Tylenol and buying crack cocaine for the mother.
 {¶ 7} Appellant failed to complete his anger management classes as required by the case plan. He did receive a certificate for completing a domestic violence program, but was subsequently arrested for assaulting the mother. Appellant did not make any further progress toward satisfying the case plan objectives relating to drug *Page 5 
abuse, housing, domestic violence, or anger management. In addition, he was not employed.
 {¶ 8} After hearing all the evidence, the trial court determined that it was in the best interest of the child to award permanent custody to CCDCFS. Appellant appeals, advancing one assignment of error for our review. His sole assignment of error states the following:
 {¶ 9} "The trial court erred in granting Cuyahoga County Department of Children and Family Services' motion for permanent custody as such decision was against the manifest weight of the evidence and resulted in a manifest miscarriage of justice."
 {¶ 10} A claim that the court's finding is against the manifest weight of the evidence requires us to examine the evidence and determine whether the trier of fact clearly lost its way. In re: M.W., Cuyahoga App. No. 83390, 2005-Ohio-1302. There is a presumption that the trial court's factual findings are correct, because the trial court is in a better position to judge the credibility of the witnesses. Id.
 {¶ 11} In order to terminate parental rights and grant permanent custody to a county agency, the record must demonstrate by clear and convincing evidence the existence of one of the conditions set forth in R.C. 2151.414(B)(1)(a)-(d) and that permanent custody is in the best interest of the child by considering the five factors set forth in R.C.2151.414(D). Clear and convincing evidence is that quantum of evidence which instills in the trier of fact a firm belief or conviction as to the *Page 6 
allegations sought to be established. Cross v. Ledford (1954),161 Ohio St. 469, 477. Our review of the weight of the evidence in a permanent custody case is limited to whether competent, credible evidence exists to support the trial court's factual determinations. In re Starkey,150 Ohio App.3d 612, 2002-Ohio-6892.
 {¶ 12} Appellant argues that CCDCFS failed to establish by clear and convincing evidence that Appellant would not be able to parent his child within a reasonable time, or that Appellant failed to remedy the condition that caused D.R. to be removed from the home. Appellant also argues that CCDCFS failed to make reasonable efforts to prevent the removal of the child. Finally, Appellant argues that it was not in the best interest of the child to grant CCDCFS's motion for permanent custody.
 {¶ 13} In the instant case, Appellant stipulated to a finding under R.C. 2151.414(B)(1)(b), acknowledging that the child had been in the temporary custody of CCDCFS for twelve months or more of a consecutive twenty-two month period. Therefore, the court did not need to determine that the child cannot or should not be placed with either parent within a reasonable time because the child had been in the temporary custody of one or more public children services agencies for more than twelve of the last twenty-two months. See R.C. 2151.414(B); see, also, In reWilliam S. (1996), 75 Ohio St.3d 95, 99; In re M.H., Cuyahoga App. No. 80620, 2002-Ohio-2968. The only consideration at this point is whether permanent custody is in the best interest of the child pursuant to R.C.2151.414(D). In re: R.K., Cuyahoga App. No. 82374, 2003-Ohio-6333. *Page 7 
 {¶ 14} When determining the best interest of the child, the court is required to consider all relevant factors listed in R.C. 2151.414(D), including but not limited to the following:
 "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard to the maturity of the child; "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999; "(4) The child's need for a legally secure placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; "(5) Whether any of the factors in division (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 15} This court has found that only one of the enumerated factors needs to be resolved in favor of the award of permanent custody. In reMoore (Aug. 31, 2000), Cuyahoga App. No. 76942, citing, In re ShaefferChildren (1993), 85 Ohio App.3d 683; see, also, In re M.Z., Cuyahoga App. No. 80799, 2002-Ohio-6634; In re Legg, Cuyahoga App. Nos. 80542 and 80543, 2002-Ohio-4582. In this case, the trial court found that the guardian ad litem recommended that permanent custody would be in the best interest of the child and that the child is dependent and neglected. The court reasoned that Appellant was unable to provide adequate permanent housing for the child because of his unstable housing condition, domestic violence issues, unresolved drug problem, and his lack of stable employment. *Page 8 
 {¶ 16} We find that the trial court considered all relevant factors and properly determined that permanent custody was in the child's best interest.
 {¶ 17} Finally, the trial court was not required to establish that CCDCFS made reasonable efforts to prevent the child's removal from the home because the hearing was based on a motion for permanent custody filed pursuant to R.C. 2151.413. The Supreme Court of Ohio recently held that "R.C. 2151.419(A)(1) does not apply in a hearing on a motion for permanent custody filed pursuant to R.C. 2151.413." In re CF.,113 Ohio St.3d 73, 2007-Ohio-1104. Accordingly, Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and KENNETH A. ROCCO, J., CONCUR.
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases. *Page 1